IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANCIS SWEAT, III, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | Case No. CIV–21–384–JAR |
| ) | |
| KILO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Francis Sweat, III, (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was fifty-three years old at the time of the administrative hearing. (Tr. 47, 49). He possesses at least a high school education (Tr. 48). He has worked as a facilities manager. (Tr. 47). The claimant alleges that he has been unable to work since February 21, 2019, due to limitations resulting from a neck injury, a back injury, arthritis, and polycythemia vera. (Tr. 225).

## Procedural History

On October 21, 2019, Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Michelle K. Lindsay ("ALJ") issued an unfavorable decision on April 12, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

3

## Errors Alleged for Review

Claimant asserts the following errors: (1) the Appeals Council erred in failing to remand the decision back to the ALJ for consideration of the new medical evidence from Dr. Newton, (2) the ALJ improperly considered the medical opinion evidence; and (3) the ALJ failed to include all of Claimant's limitations in the RFC and the hypothetical questioning of the vocational expert at step five.

## Evidence Before Appeals Council

In her decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease of the lumbar spine, status post lumbar fusion, degenerative disc disease of the cervical spine, status post cervical fusion, remote history of rotator cuff tear with surgical repair, osteoarthritis of the right hip, and obesity (Tr. 41). She determined Claimant could perform light work with limitations. Claimant can occasionally climb stairs and ramps, stoop, crouch, kneel, and crawl. Claimant, however, can never climb ladders, ropes, or scaffolds. The ALJ determined that Claimant can occasionally reach overhead, but that Claimant's ability to reach forward and laterally is unimpaired. Claimant must avoid more than occasional exposure to extreme cold. (Tr. 42).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of coin machine collector, investigator of dealer accounts, furniture rental clerk, and photocopy machine operator. (Tr. 48). As a result, the ALJ concluded Claimant had not been under a disability from April 15, 2019, the alleged date of disability, through the date of the decision, December 16, 2020. (Tr. 36).

Claimant first argues that the Appeals Council erred in not remanding the ALJ's decision for consideration of evidence submitted from Dr. Newton that shows Claimant is further limited than the assigned RFC. Claimant submitted records from Dr. John Newton dated February 25, 2021, through April 22, 2021, as well as a medical source statement from Dr. Newton as new evidence to the Appeals Council after the hearing held before the ALJ on February 23, 2021. The Appeals Council considered the records and medical source statement and determined that the additional evidence "does not show a reasonably probability that it would change the outcome of the decision." (Tr. 2).

"[T]he Appeals Council must consider additional evidence offered on administrative review—after which it becomes a part of our record on judicial review—if it is (1) new, (2) material, and (3) related to the period on or before the date of the ALJ's decision." *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011)(citing *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004)). "[T]he Appeals Council is required only to 'consider' the new evidence—and a conclusory statement that it has done so is sufficient." *Vallejo v. Berryhill*, 849 F.3d 951, 953 (10th Cir. 2017). But because the additional evidence was accepted into the record, the Court must consider whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the additional evidence. *Id.* at 956 (holding that when evidence is submitted to the Appeals Council and it becomes part of the record, the district court must "conduct a substantial evidence review by assessing the entire agency record," including the new "never-before assessed opinion."). Because Dr. Newton's

5

records and medical source statement were accepted by the Appeals Council into the record, the Court must determine whether the decision is supported by substantial evidence, including the most recent examination findings and the medical source statement from Dr. Newton.

Dr. Newton first examined Claimant in February 2021 during which he found Claimant had osteoarthritis in his right hip. (Tr. 14–17). Following this examination, Dr. Newton performed a total right hip arthroplasty in March of 2021 and continued to monitor Claimant as follow up care through April 22, 2021. (Tr. 16–34). On June 22, 2021, Dr. Newton completed a medical source statement concluding that Claimant should be limited to occasionally lifting up-to five pounds and less than occasionally lifting between six and twenty-five pounds. (Tr. 10). Dr. Newton further opined that Claimant could only stand and/or walk as well as sit for less than two hours out of an eight-hour workday. (Tr. 10). He additionally found that Claimant needed to elevate his leg everyday for two to three hours during the workday, for thirty minutes at a time. (Tr. 10). Lastly, Dr. Newton opined that Claimant needed a twenty-minute break per hour. (Tr. 11).

Although the ALJ considered and analyzed Claimant's osteoarthritis of his right hip, even finding it to be a severe impairment, the ALJ's RFC does not reflect limitations as restrictive as that found by Dr. Newton. The ALJ rejected similarly restrictive limitations found in other medical opinions such as that of Dr. Stephen Wilson. She found Dr. Wilson's opinion to be unpersuasive because although it was "somewhat supported by clinical examination[s]," he believed Dr.

Wilson's conclusions were based in Claimant's self-reported symptom's and limitations. (Tr. 47). Had the ALJ had the opportunity to review the evidence presented by Dr. Newton, she may have come to a different conclusion, as Dr. Newton's objective evidence could support the exertional limitations assigned by Dr. Wilson.

As such, this Court finds that the Appeals Council erred in finding that the records and medical source statement of Dr. Newton did not have a reasonable probability of changing the outcome of the case. Because the ALJ's RFC determination relied on finding unpersuasive the opinion that Claimant required further limitations, this Court cannot find that Claimant's RFC is supported by substantial evidence. Accordingly, on remand, the ALJ should reassess Claimant's RFC, including consideration of Dr. Newton's treatment records and medical source statement, and then determine if there is work Claimant can perform.

Given that this Court is reversing on the Appeals Council's error in admitting evidence, it need not address the additional arguments at this time. However, if the ALJ in considering the additional records finds them to be persuasive, she shall modify her consideration of the medical opinion evidence as well as modify her hypothetical question to the VE if necessary.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge

finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

    **IT IS SO ORDERED** this 30th day of March, 2023.

 

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**